# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WILLIAM FULLER, individually, and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | Case No. 10-cv-5839 |
| ) | Judge Sharon Johnson Coleman |
| v. ) ) | Magistrate Judge Nan R. Nolan |
| GOLDSTAR ESTATE BUYERS CORP., d/b/a GOLDSTAR TRAVEL & ADVERTISING AGENCY and WILLIAM ULRICH, ) ) ) ) ) | |
| Defendants. ) ) ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on motion by Defendants Goldstar Estate Buyers Corp. and William Ulrich (collectively the "Defendants") to dismiss the Complaint filed by William Fuller ("Plaintiff") for improper venue or, in the alternative to transfer venue to the District of Minnesota. For the reasons that follow, the Court denies Defendants' motion.

## FACTS

Plaintiff brings the putative class action alleging violations of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.* Plaintiff alleges he and others similarly situated were employed by Defendant Goldstar Estate Buyers Corp. ("Goldstar") in "buying" positions and were paid a "per diem" or day rate for the work they performed. Plaintiff's duties primarily consisted of buying gold for Goldstar. The authority for all personnel and compensation matters rested with Defendant William Ulrich ("Ulrich"). Plaintiff and the other similarly situated employees customarily worked in excess of forty (40) hours per week but were not paid overtime wages in the amount of one and one half of their regular rate of pay for any overtime

work. According to Defendants' motion, Plaintiff and Goldstar entered into an Independent Contractor Agreement ("Agreement") in March 2007. (Dkt. No. 18. pp. 1-2.) Ulrich executed the Agreement on Goldstar's behalf in his representative capacity as Owner. (*Id.* at Ex. A.) The Agreement contained a forum selection clause that provided in relevant part:

> The Company maintains its home office in Minnesota and this contract has been entered into at the home office; therefore, any legal action relating to this contract shall be brought in Hennepin County, Minnesota and the laws of the State of Minnesota shall apply; and the Independent contractor consents to personal jurisdiction therein. (*Id.*)

Defendants argue that the relationship between the parties is governed by the Agreement and that the forum selection provision requires Plaintiff to file and litigate his complaint in a forum located in Hennepin County, Minnesota. Defendants seek dismissal of this action for improper venue pursuant to Fed. R. Civ. P. 12(b)(3).

## STANDARD OF REVIEW

A challenge to venue based upon a forum selection clause can appropriately be brought as a motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(3). *Muzumdar v. Wellness Int'l Network, Ltd.*, 438 F.3d 759, 760 (7th Cir. 2006). For the purposes of a motion to dismiss for improper venue, the Court must take all allegations in the complaint as true unless contradicted by defendant's affidavits. *Interlease Aviation Investors v. Vanguard Airlines, Inc.*, 262 F. Supp. 2d 893, 913 (N.D. Ill. 2003). Any factual disputes must be resolved in favor of the plaintiff. *Saylor v. Dyniewski*, 836 F.2d 341, 342 (7th Cir. 1988). Dismissal is appropriate under Rule 12(b)(3) where a claim is covered by a valid forum selection clause that selects a venue elsewhere. *Cont'l Cas. Co. v. Am. Nat'l Ins. Co.*, 417 F.3d 727, 733 (7th Cir. 2005). The Court can consider attachments to a defendant's motion to dismiss that are central to the plaintiff's claim without converting the motion to one of summary judgment. *Id.* at 731 n. 2.

**DISCUSSION**

Defendants argue that the forum selection clause in the Agreement is *prima facie* valid and enforceable under both federal and Illinois law. (Dkt. No. 18. p. 2.) Plaintiff does not dispute that the clause is valid and enforceable but instead argues that his FLSA claim is beyond the scope of the forum selection clause at issue here. (Dkt. No. 22.) Curiously, neither party contends that the forum selection clause is enforceable under Minnesota law. The threshold issue for the Court's consideration then is whether federal or state law applies to determine the effect and validity of the forum selection clause. In federal question cases, courts in both the Seventh and Eighth Circuits have held that the validity and interpretation of a forum selection clause is determined by application of federal rather than state law. *See, e.g., IFC Credit Corp, v. United Bus. & Indus. Fed. Credit Union*, 512 F.3d 989, 991 (7th Cir. 2008) ("the validity of a forum selection clause depends upon the law of the jurisdiction whose rules will govern the rest of the dispute"); *Taylor Inv. Corp. v. Weil,* 169 F. Supp. 2d 1046, 1060 (D. Minn. 2001) (applying federal law to determine the applicability of a forum selection clause); *Hanson Eng'rs Inc. v. UNECO, Inc.,* 64 F. Supp. 2d 797, 799 (C.D. Ill. 1999) (noting federal law "probably" controls the issue of the validity and interpretation of forum selection clauses); *Knutson v. Rexair, Inc.*, 749 F. Supp. 214, 216 (D. Minn. 1990) ("the court notes that it is to apply federal law to determine the applicability and validity of the forum selection clause"). Since the validity of the forum selection clause is not in dispute, federal law governs the applicability of the forum selection clause to Plaintiff's FLSA claim.

Defendants rely upon district court cases from Maryland and Missouri to support their argument that federal courts enforce forum selection clauses in FLSA actions. (Dkt. No. 23. p. 2.) Yet the cases relied upon by Defendants contain forum selection clauses with broader

language than the clause at issue here. In *Ruifrok v. White Glove Rest. Servs. LLC*, 2010 U.S. Dist. LEXIS 110369, at * 1 (D. Md. 2010), the forum selection clause provided:

> [T]hat venue for any action arising out of this Agreement *or the parties' performance hereunder* shall be in the Circuit Court for the County of Montgomery, Maryland. *Ruifrok*, 2010 U.S. Dist. LEXIS 110369, at *4. (emphasis added).

The district court there held that since the clause applied to any action arising from the parties' performance of the agreement, that this language encompassed the rate and manner of pay and reimbursement to plaintiff, which was the core of the plaintiff's FLSA claim. *Ruifrok*, 2010 U.S. Dist. LEXIS 110369, at *17. Similarly, the forum selection clause in *Hernandez v. Tex. Capital Bank, N.A.*, 2008 U.S. Dist. LEXIS 8408 (W.D. Mo. 2008), contained broad language that provided:

> In the event a court of competent jurisdiction determines that the arbitration provisions of this Agreement do not cover any dispute arising out of this Agreement or *involving these parties*, then the parties agree to submit themselves to the jurisdiction of the courts of the State of Texas, venue in Dallas County. *Hernandez*, 2008 U.S. Dist LEXIS 8408, at *3. (emphasis added).

Since the Agreement in *Hernandez* did not contain arbitration provisions, the district court concluded that the dispute was not subject to arbitration and that the proper venue was in Dallas, Texas. *Hernandez*, 2008 U.S. Dist. LEXIS 8408, at *6-7.

Defendants also rely upon *Gleich v. Tastefully Simple, Inc.*, 2005 U.S. Dist. LEXIS 30958 (N.D. Ill. 2005), to support their claim that venue is proper in Minnesota by virtue of the forum selection clause. *Gleich* was a diversity action that did not involve any federal claims. 2005 U.S. Dist. LEXIS 30958, at *8. The district court there first determined that Minnesota law applied to determine the enforceability of the forum selection clause. *Gleich*, 2005 U.S. Dist.

LEXIS 30958, at *16.  Having concluded that the clause was enforceable, the district court found that in accordance with Minnesota law, the clause encompassed plaintiff's contract and tort claims.  *Gleich*, 2005 U.S. Dist. LEXIS 30958, at *20-24.  The case *sub judice* is clearly distinguishable from *Gleich* in two important respects:  (1) Minnesota law does not govern the forum selection clause here; and (2) no FLSA claims were asserted in *Gleich*.  Accordingly, Defendants' reliance upon Gleich is misplaced.

The forum selection clause in the Agreement here is strikingly similar to the clause found inapplicable to a FLSA claim in *Perry v. Nat'l City Mortg., Inc.*, 2006 U.S. Dist. LEXIS 62419, at *4 (S.D. Ill. 2006).  The *Perry* clause provided:

> This Agreement shall be governed by and construed in accordance with the laws of the State of Ohio.  Employee agrees to submit to, and confer exclusive jurisdiction on the United States District Court of the State Court which has original jurisdiction in Montgomery County, Ohio.  *Perry*, 2006 U.S. Dist. LEXIS 62419, at *4.

The *Perry* court concluded that the first sentence of the clause expressly limited its application to actions involving "This Agreement" and that the second sentence was qualified by the language referenced in the first sentence.  *Perry*, 2006 U.S. Dist. LEXIS 62419, at *13.  The court held that the clause was inapplicable to the plaintiff's FLSA claim because the plaintiff was not attempting to enforce any terms of the agreement.  *Id.*

Like the *Perry* agreement, the Agreement here expressly refers to actions "relating to this contract."  Plaintiff is not attempting to enforce any terms of the Independent Contractor Agreement.  While Plaintiff's duties as a buyer and how he was to be compensated are germane to his FLSA claim, these matters are outside of the scope of Plaintiff's claim that he was not paid overtime in accordance with the FLSA.  Further, as the party drafting the Independent Contractor Agreement, Goldstar could have used broader language so as to encompass "all claims regarding this contract or the employment relationship between Goldstar and the Independent Contractor."  Defendants failed to do so and this Court finds the forum selection clause is not applicable to Plaintiff's FLSA claim against Goldstar and Ulrich.

## **CONCLUSION**

For the foregoing reasons, this Court denies the motion by Defendants Goldstar Estate Buyers and William Ulrich to dismiss for improper venue or, in the alternative to transfer venue to the District o Minnesota.

**IT IS SO ORDERED.**

March 1, 2011

| | |
|---|---|
| Dated | Hon. Sharon Johnson Coleman<br>United States District Court |