IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM FULLER, individually, and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | Case No. 10 C 5839 |
| v. ) ) | Judge Coleman |
| GOLDSTAR ESTATE BUYERS CORP., ) d/b/a GOLDSTAR TRAVEL & ) ADVERTISING AGENCY and WILLIAM ) ULRICH, ) | JURY TRIAL DEMANDED |
| Defendants. | |

## FIRST AMENDED COMPLAINT

Plaintiff William Fuller ("Plaintiff"), by his attorneys, brings the following First Amended Complaint against Defendants Goldstar Estate Buyers Corporation, d/b/a Goldstar Travel and Advertising Agency and William Ulrich (collectively "Defendants") for violation of the Fair Labor Standards Act. Plaintiff states the following against Defendants:

### JURISDICTION AND VENUE

1. This action arises under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"). This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein pursuant to 28 U.S.C. § 1331.

2. Venue is proper because Plaintiff currently resides in and is domiciled within this judicial district. Plaintiff performed work for Defendants in this judicial district and, thus, at least some of the events or omissions giving rise to this action occurred in the Northern District of Illinois, Eastern Division.

1

## PARTIES

3. Plaintiff was employed by Defendants as an "employee" as that term is defined by Section 3(e)(1) of the FLSA, 29 U.S.C. §203(e)(1).

4. Defendants were Plaintiff's "employer(s)" as that term is defined in the FLSA, 29 U.S.C. §203(d).

5. Defendant Goldstar Estate Buyers Corp d/b/a Goldstar Travel and Advertising Agency is a Minnesota corporation. Defendant Goldstar has a principal place of business in Wayata, Minnesota.

6. Defendant Goldstar Estate Buyers Corp d/b/a Goldstar Travel and Advertising Agency is an "enterprise" as defined by Section 3(r)(1) of the FSLA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A).

7. Defendant William Ulrich is involved in the day to day business operation of Defendant Goldstar Estate Buyers Corp d/b/a Goldstar Travel and Advertising Agency. Defendant Ulrich has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the corporation's checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures.

## COLLECTIVE ACTION FACTUAL ALLEGATIONS

8. Plaintiff brings this action on behalf of himself and other similarly situated individuals pursuant to 29 U.S.C. § 216(b). (See Plaintiff's consent form, which was attached to Plaintiff's original Complaint.) Plaintiff and those similarly situated are individuals who were, or are, employed by Defendants in "buying" positions who were paid a "per diem" or day rate

2

for all work they performed for Defendants.

9. Plaintiff and the similarly situated individuals are similar because their duties consisted primarily of buying gold for Defendant. They are also similar because they were all paid in the same manner; a per diem or day rate for all work they performed for Defendants in individual work weeks.

10. Plaintiff and the similarly situated individuals customarily worked in excess of forty (40) hours per week for Defendants, but were not paid overtime wages at the rate of one and one half times their regular rate of pay for such time worked.

11. Plaintiff and the similarly situated individuals were not exempt from the maximum hour provisions of the Fair Labor Standards Act.

## PROCEDURAL BACKGRROUND

12. On June 28, 2010, counsel for Plaintiff sent a settlement demand letter to Defendants stating the nature of Plaintiff's claims and the requested relief from Defendants.

13. On August 27, 2010, former counsel for Defendants sent a response letter to counsel for Plaintiff stating that Defendants refused Plaintiff's settlement demand and requesting that the matter proceed to mediation.

14. On September 1, 2010, after discussions between the parties regarding effectuating a tolling agreement, counsel for Plaintiff sent a draft agreement to former counsel for Defendants.

15. Defendants refused to enter into the tolling agreement.

16. On September 14, 2010, Plaintiff filed his original complaint against Defendants, on behalf of himself and those similarly situated, in the United States District Court for the

Northern District of Illinois, alleging violations of the Fair Labor Standards Act.

17. On October 18, 2010, Defendants filed a breach of contract action against Plaintiff in the District Court for the County of Hennipin, State of Minnesota, Fourth Judicial District, alleging that Plaintiff violated his Independent Contractor Agreement with Defendants.

## COUNT I
## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT – OVERTIME WAGES
(Plaintiff, on behalf of himself and all others similarly situated)

18. Plaintiff hereby realleges and incorporates paragraphs 1 through 17.

19. During the statutory period, Plaintiff and the similarly situated individuals performed work for Defendants.

20. The FLSA, Section 207, requires employers to pay non-exempt employees one and one-half times their regular rate of pay for all hours worked over forty hours per workweek.

21. Defendants' actions, policies and/or practices described above violated the FLSA's overtime requirements by regularly and repeatedly failing to compensate Plaintiff and the similarly situated individuals for time spent on work activities as described in this Complaint.

22. As the direct and proximate result of Defendant's unlawful conduct, Plaintiff and the similarly situated individuals have suffered and will continue to suffer a loss of income and other damages. Plaintiff and the similarly situated individuals are entitled to liquidated damages and are also entitled to attorney's fees and costs incurred in connection with this claim.

23. Defendants knew, or showed reckless disregard for the fact that they failed to pay these individuals for all overtime at the required rate for all hours worked.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of those similarly situated, prays for relief as follows:

A. Judgment against Defendants for an amount equal to Plaintiff's and similarly situated individuals' unpaid back wages at the applicable overtime rate;

B. An equal amount to the unpaid back wages as liquidated damages;

C. An award of prejudgment interest (to the extent liquidated damages are not awarded);

D. Leave to add additional plaintiffs by the filing of written consent forms, or any other method approved by the Court;

E. Leave to amend to add claims under applicable state laws;

F. Costs and attorneys' fees to the extent allowed by law; and

G. Such further relief as the Court deems just and equitable.

## COUNT II
## VIOLATION OF THE FAIR LABOR STANDARDS ACT – RETALIATION
### (Plaintiff individually)

24. Plaintiff hereby realleges and incorporates paragraphs 1 through 23.

25. Defendants filed a civil suit in the District Court of Hennepin County, State of Minnesota, against Plaintiff for breach of contract, in retaliation for Plaintiff exercising his right to overtime compensation under the FLSA.

26. The FLSA, Section 15(a)(3), prohibits employers from filing a retaliatory lawsuit "against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding" under the Act.

27. Defendants' filing of the breach of contract action in Minnesota violated the FLSA's prohibition against retaliatory lawsuits as it was filed with a retaliatory motive and the Defendants' civil suit lacks a reasonable basis in fact or law.

28. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has been required to defend a retaliatory lawsuit and has expended attorney fees and costs to transfer

Defendants' Minnesota lawsuit to Illinois. Plaintiff is entitled to an injunction against Defendants, enjoining them from pursuing the Minnesota suit.

WHEREFORE, Plaintiff, individually, prays for relief as follows:

A. An injunction against Defendants, enjoining Defendants from pursuing their breach of contract action against Plaintiff;

B. Such further relief as the Court deems just and equitable.

Respectfully submitted,

Dated: March 11, 2011

s/Douglas M. Werman
Douglas M. Werman –dwerman@flsalaw.com
Maureen A. Bantz– mbantz@flsalaw.com
David E. Stevens–dstevens@flsalaw.com
Werman Law Office, P.C.
77 W. Washington, Suite 1402
Chicago, IL 60602
(312) 419-1008

ATTORNEYS FOR PLAINTIFF